# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Adrian Lupu

### DEFENDANTS
Loan City, LLC, Fannie Mae, Mortgage Electronic Registration Systems, Inc. and OneWest Bank, FSB

**(b)** County of Residence of First Listed Plaintiff: Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adrian Lupu, Pro Se, 1332 Airport Road, Coatesville, PA 19320

Attorneys *(If Known)*
For OneWest Bank, FSB, Udren Law Offices, P.C., Sherri J. Braunstein, Esquire, 111 Woodcrest Road, Suite 200, Cherry Hill, NJ 08003, 856-669-5400

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- X 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| X 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- X 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332 et seq
Brief description of cause:
Complaint to Quiet Title

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  X No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 8/9/12
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Adrian Lupu, 1332 Airport Road, Coatesville, PA 19320

Address of Defendant: OneWest Bank, FSB, 2900 Esperanza, Austin, TX 78758

Place of Accident, Incident or Transaction: Coatesville, PA
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No X

Does this case involve multidistrict litigation possibilities?  Yes☐  No X

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. X All other Diversity Cases
   (Please specify) Action to Quiet Title

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)

I, Sherri J. Braunstein, Esquire _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
X Relief other than monetary damages is sought.

DATE: 8/9/12 _____ 90675
Attorney-at-Law      Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/9/12 _____ 90675
Attorney-at-Law      Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Adrian Lupu : CIVIL ACTION
:
v. :
:
Loan City, LLC :
One West Bank *et. al.* : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (✓)

| Date | Sherri J. Braunstein, Esquire | OneWest Bank, FSB |
|---|---|---|
| | **Attorney-at-law** | **Attorney for** |
| (856) 669-5400 ext. 5456 | (856) 669-5457 | sbraunstein@udren.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Adrian Lupu<br><br>　　　　Plaintiff<br><br>　　v.<br>Loan City, LLC<br>OneWest Bank<br><br>　　　　Defendants | Civil Action No. |

Please check one box:

X　　The nongovernmental corporate party, <u>OneWest Bank, FSB</u>, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐　　The nongovernmental corporate party, <u>OneWest Bank, FSB</u>, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock: _____.

8/9/12
Date

_____
Signature


　　　　　　　　　　　　　　Counsel for:　　　OneWest Bank, FSB

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| Adrian Lupu | |
|---|---|
| Plaintiff | Civil Action No. |
| v. | |
| Loan City, LLC | |
| OneWest Bank | |
| Defendants | |

Please check one box:

X     The nongovernmental corporate party, <u>OneWest Bank, FSB</u>, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐     The nongovernmental corporate party, <u>OneWest Bank, FSB</u>, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock: _____.

_____           _____
Date                                                        Signature

Counsel for:       OneWest Bank, FSB

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Adrian Lupu<br><br>Plaintiff<br><br>v.<br><br>Loan City, LLC<br>OneWest Bank *et al.*,<br><br>Defendants | No. _____ |

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Pursuant to 28 U.S.C. §1446, Defendant, OneWest Bank, FSB, ("OneWest Bank"), by and through its undersigned counsel, hereby gives notice of removal of the civil action entitled, Adrian Lupu v. OneWest Bank, et al., Court of Common Pleas of Chester County, Pennsylvania, No. 12-04228, to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice of Removal, OneWest Bank avers:

**I.   GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION**

1. Pursuant to 28 U.S.C. §1441, a state court action is removable to federal court when a federal court has original jurisdiction over the matter:

   > [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

2. Pursuant to 28 U.S.C. §1332, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...(1) citizens of different states." *Id.*

3. OneWest Bank's basis for removal is based upon diversity jurisdiction under 28 U.S.C. §1332.

4. Plaintiff, Adrian Lupu, acting *pro se,* filed an Action to Quiet Title on April 24, 2012 in the Court of Common Pleas of Chester County, PA, Docket No. 2012-04228 and named as Defendants, LoanCity, LLC, Mortgage Electronic Registration Systems Inc., Fannie Mae and John Does 1-100. *See* Complaint, attached hereto as Exhibit 1, ¶2.

5. The Complaint sought to "Quiet Title against the mortgage holder(s), assigns and successors of the Mortgage recorded by Lender LOANCITY, LLC in the office of the Recorder of Deeds Chester County, PENNSYLVANIA in Book number 7006 on Page 1718 as Document number 10703983," which mortgage was in the principal amount of $289,600.00. *Id.* ¶1; *see also* Exhibit B (Mortgage) to the Complaint.

6. Plaintiff served Defendant, LoanCity, LLC via personal service on May 2, 2012 as evidenced by the return of service filed with the Chester County Court of Common Pleas, on May 24, 2012. *See* Affidavit of Service, attached hereto as Exhibit 2.

7. The Chester County Court of Common Pleas does not reflect service of the Complaint upon either Fannie Mae or Mortgage Electronic Registration Systems Inc.

8. Plaintiff filed a Praecipe for Default Judgment for Quiet Title against Defendant, LoanCity LLC on June 18, 2012[1]. *See* Praecipe for Default Judgment against Defendant LoanCity, LLC on June 18, 2012, attached hereto as Exhibit 4.

9. On July 2, 2012, Plaintiff filed a "Praecipe to Add One West Bank" and requested "the ability to amend the complaint to address the Assignment of Mortgage Correctly" based

---

[1] Although Plaintiff filed a Praecipe for Default Judgment as to LoanCity LLC, it does not appear that the Plaintiff complied with the Pennsylvania Rules of Civil Procedure regarding entry of default judgment in an Action to Quiet Title.

upon an Assignment of Mortgage recorded in favor of OneWest Bank on June 15, 2012 in the Chester County Recorder of Deeds, as Book 8449, Page 2034. *See* Exhibit 5.

10. On July 2, 2012, Plaintiff filed an Amended Complaint and added OneWest Bank as a Defendant to the Quiet Title Action. *See*, Amended Complaint, attached hereto as Exhibit 6,¶1,3.

11. OneWest Bank received a copy of the Amended Complaint on or about July 12, 2012, less than thirty (30) days ago.

12. Plaintiff, Adrian Lupu, is a citizen of Pennsylvania, as evidenced by his Complaint and Amended Complaint. *See* Exhibits 1, ¶1 and 6, ¶1.

13. Upon information and belief, Defendant, LoanCity LLC, having an address at 5671 Santa Theresa Blvd., Suite 200, San Jose, CA 95123, is a Citizen of California. *See* Exhibit 1 and 6.

14. Upon information and belief, Defendant, Mortgage Electronic Registration Systems, Inc., having an address of P.O. Box 2026, Flint, MI 48501-2026, is a Citizen of Michigan. *See* Exhibit 1.

15. Upon information and belief, Defendant, Fannie Mae, having an address of 3900 Wisconsin Avenue, N.W. Washington, DC 20016, is a Citizen of Washington DC. *Id.*

16. As stated herein above, upon information and or belief, neither Fannie Mae nor Mortgage Electronic Registration Systems Inc. have been served original process as of the date this Notice of Removal is being filed.

17. OneWest Bank, FSB, a federally-chartered bank, is a citizen of California, having its corporate offices at 888 East Walnut Street, Pasadena, CA 91101. *See* Exhibit 6.

18. The amount in controversy in this Quiet Title Action exceeds the sum or value of $75,000.00 as the principal balance of the mortgage at issue is in the amount of $289,600.00, and the amount owed by the Plaintiff is significantly higher due to non-payment under the mortgage agreement. *See* Exhibit 1¶1; *see also* Exhibit B (Mortgage) to the Complaint.

19. The grounds for removal having been met, this Court has subject matter jurisdiction over this matter. 28 U.S.C. §1332.

## II. REMOVAL IS TIMELY

20. Removal may be effectuated by properly complying with the time limitations and procedures set forth in 28 U.S.C. §1446.

21. Section 1446(b) states, in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable…

22. The Original Complaint, which initiated this litigation, did not name OneWest Bank FSB as a Defendant. *See* Exhibit 1.

23. Plaintiff's Amended Complaint, however, does name OneWest Bank, FSB as a Defendant. This was the first pleading entitling OneWest Bank to enter an appearance thereby allowing for removal of this case based upon Diversity Jurisdiction. *See* Exhibit 6.

24. OneWest Bank received a copy of the Amended Complaint on or about July 12, 2012.

25. OneWest Bank entered an Appearance and filed Preliminary Objections to the Complaint on August 1, 2012. *See* Exhibits 15 and 16.

26. This Notice of Removal has been timely filed. *See* 28 U.S.C. §1446(b)(2)(B)

## III. ALL OTHER PROCEDURES FOR REMOVAL HAVE BEEN FOLLOWED

27.  As required by 28 U.S.C. §1446(a), OneWest Bank hereby attaches the following documents that constitute "all process, pleadings and orders served" in the action to date:

| | |
|---|---|
| Exhibit 1: | Verified Complaint to Quiet Title |
| Exhibit 2: | Affidavit of Service on LoanCity, LLC |
| Exhibit 3: | Affidavit of Mailing Notice of Praecipe for Default Judgment |
| Exhibit 4: | Praecipe for Default Judgment |
| Exhibit 5: | Praecipe to Add One West Bank |
| Exhibit 6: | Verified First Amended Complaint to Quiet Title |
| Exhibit 7: | Motion to Enter Evidence into the Court Record |
| Exhibit 8: | Affidavit in Support of Motion to Enter Document B as Evidence into the Court Record |
| Exhibit 9: | Affidavit in Support of Motion to Enter Document C as Evidence into the Court Record |
| Exhibit 10: | Affidavit in Support of Motion to Enter Document D into the Court Record |
| Exhibit 11: | Affidavit in Support of Motion to Enter Document E as Evidence into the Court Record |
| Exhibit 12: | Affidavit in Support of Motion to enter Document F as Evidence into the Court Record |
| Exhibit 13: | Praecipe for Determination |
| Exhibit 14: | Praecipe for Final Judgment |
| Exhibit 15: | Entry of Appearance on behalf of Defendant, OneWest Bank, FSB |
| Exhibit 16: | Preliminary Objections of Defendant, OneWest Bank, FSB |

28.     Pursuant to 28 U.S.C. §1446(b)(2)(A), consent to the removal by Defendants, Fannie Mae and Mortgage Electronic Registrations Systems Inc. is not needed as they have not yet been served with the initial pleadings. *See also Ogletree v. Barnes*, 851 F.Supp. 184, 187 (E.D. Pa. 1994).

29.     Moreover, pursuant to 28 U.S.C. § 1446(b)(2)(C), "[i]f defendants are served at different times, and a later served-defendant files a notice of removal, any earlier-served defendant <u>may</u> consent to the removal even though the earlier-served defendant did not previously initiate or consent to removal." *Id.*

30.     Additionally, although OneWest Bank attempted to obtain consent to the removal from LoanCity LLC, it has been unsuccessful. However, because LoanCity LLC has <u>no</u> interest in the subject mortgage by virtue of the assignment of mortgage recorded in favor of OneWest Bank FSB on June 15, 2012 in the Chester County Recorder of Deeds, as Book 8449, Page 2034, LoanCity LLC is a "nominal" party and "need not join in the notice of removal or otherwise consent to the removal." *See Ogletree v. Barnes*, 851 F.Supp. 184, 187 (E.D. Pa. 1994).

31.     Although consent of Mortgage Electronic Registration Systems Inc. is not needed due to lack of service, it is likewise a "nominal" defendant as it has no interest in the subject mortgage by virtue of the assignment of mortgage recorded in favor of OneWest Bank FSB on June 15, 2012 in the Chester County Recorder of Deeds, as Book 8449, Page 2034, and it "need not join in the notice of removal or otherwise consent to the removal." *Id.*

32.     All adverse parties to this action have been provided with written notice of the filing of this Notice of Removal, as required by 28 U.S.C. §1446(d), as evidenced by the attached Certificate of Service.

33. After filing this Notice of Removal, OneWest Bank will promptly cause to be filed with the Court of Common Pleas of Chester County, Pennsylvania a copy of this Notice of Removal, as required by 28 U.S.C. §1446(b). A copy of the Notice to be filed with the Chester County Court of Common Pleas, without exhibits, is attached hereto as Exhibit 17.

**WHEREFORE**, Defendant, OneWest Bank, FSB, removes this case to this Court in accordance with 28 U.S.C. §1441.

Respectfully submitted,

**UDREN LAW OFFICES, P.C.**

/s/ *Sherri J. Braunstein, Esquire*
Sherri J. Braunstein
PA I.D. 90675
Woodcrest Corporate Center
111 Woodcrest Road, Suite 200
Cherry Hill, NJ 08003
(856) 669-5400 ext. 5456 (telephone)
(856) 669-5399 (facsimile)
Attorney for Defendant,
OneWest Bank, FSB

Dated: August 9, 2012

## CERTIFICATE OF SERVICE

I, Sherri J. Braunstein, Esquire hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL was served on August 9, 2012, by first-class U.S. mail, postage prepaid, and/or email as noted below:

Adrian Lupu
1332 Airport Road
Coatesville, PA 19320
*Plaintiff*

LoanCity LLC
5671 Santa Theresa Blvd., Suite 200,
San Jose, CA 95123
*Defendant*

Mortgage Electronic Registration Systems, Inc.
P.O. Box 2026
Flint, MI 48501-2026
*Defendant*

Fannie Mae
3900 Wisconsin Avenue, N.W.
Washington, DC 20016
*Defendant*

/s/ Sherri J. Braunstein, Esquire
Sherri J. Braunstein

# Exhibit 17

| | |
|---|---|
| **UDREN LAW OFFICES, P.C.**<br>BY: **SHERRI J. BRAUNSTEIN, ESQUIRE**<br>ID # 90675<br>**WOODCREST CORPORATE CENTER**<br>**111 WOODCREST ROAD, SUITE 200**<br>**CHERRY HILL, NJ 08003-3620**<br>**856-669-5400**<br>pleadings@udren.com | **ATTORNEY FOR DEFENDANT,**<br>**ONEWEST BANK, FSB** |

| | |
|---|---|
| Adrian Lupu<br><br>        Plaintiff<br><br>    v.<br>Loan City, LLC<br>OneWest Bank *et al.*,<br><br>        Defendants | In the Court of Common Pleas<br>Chester County<br><br>Civil Action<br><br>NO. 12-04228 |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TO:    PROTHONOTARY
          Court of Common Pleas of Chester County, Pennsylvania

Adrian Lupu
1332 Airport Road
Coatesville, PA 19320
*Plaintiff*

LoanCity LLC
5671 Santa Theresa Blvd., Suite 200,
San Jose, CA 95123
*Defendant*

Mortgage Electronic Registration Systems, Inc.
P.O. Box 2026
Flint, MI 48501-2026
*Defendant*

Fannie Mae
3900 Wisconsin Avenue, N.W.
Washington, DC 20016
*Defendant*

In compliance with 28 U.S.C. §1446, you are hereby notified that, Defendant OneWest Bank, FSB has removed this case to the United States District Court for the Eastern District of Pennsylvania. A true and correct copy of the Notice of Removal is attached hereto as Exhibit A.

**UDREN LAW OFFICES, P.C.**

/s/ *Sherri J. Braunstein, Esquire*
Sherri J. Braunstein
PA I.D. 90675
Woodcrest Corporate Center
111 Woodcrest Road, Suite 200
Cherry Hill, NJ 08003
(856) 669-5400 (telephone)
(856) 669-5399 (facsimile)
Attorney for Defendant,
OneWest Bank, FSB

Dated: August          , 2012