## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Filed By:
ADRIAN LUPU
1332 Airport Rd
Coatesville, PA 19320
(484) 433-7525(phone)
adrianlupu28@yahoo.com


ADRIAN LUPU, Sui Juris
    Plaintiff

       v

LOAN CITY, LLC ET AL,
    Defendants

CIVIL ACTION - QUIET TITLE
CASE NO:  2:12-cv-04556-CMR

---

## VERIFIED SECOND AMENDED COMPLAINT TO QUIET TITLE

### JUDICIAL NOTICE

1.  ADRIAN LUPU (hereinafter, "PLAINTIFF", "I", "me", "my", "he", "his") is not an attorney and reserve the right to correct any and all mistakes at any time in the future.

2.  PLAINTIFF moves this Honorable Court to take Mandatory Judicial Notice under the Federal Rules of Civil Procedure Rule 201 (d) of the following:

    a.  The United States Supreme Court, in Haines v Kerner 404 U.S. 519 (1972), said that all litigants defending themselves must be afforded the opportunity to present their evidence and that the Court should look to the substance of the complaint rather than the form.

    b.  In Platsky v CIA, 953 F.2d 26 (2nd Cir. 1991), the Circuit Court of Appeals allowed that the District Court should have explained to the litigant proceeding without a lawyer, the correct form to the Plaintiffs so that he could have amended his pleadings accordingly.  Plaintiffs respectfully reserve the right to amend this complaint.

    c.  Under Uniform Commercial Code - ARTICLE 3 -§3-308, and PA 13 Pa. Cons. Stat.§ 3308 all signatures presented that is not on an original format (with the original wet ink signature) is hereby denied and is inadmissible.

## JURISDICTION AND VENUE

3.   The subject property (hereinafter, "**Property**", description of which is attached and incorporated herein and made fully a part hereof; see "EXHIBIT B") is in **Chester** County and therefore falls under this Honorable Court's jurisdiction in accordance with RCP Rule 1062 for Actions for Quiet Title.  Real Estate is governed by State Law and therefore this Court has priority Jurisdiction.  The Plaintiff lives in **Chester** County and the Defendants have done extensive business in **Chester** County.

## BACKGROUND OF THE CASE

4.   Slanders of title have arisen regarding unrecorded claims in the chain of title due to the use of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (hereinafter "MERS") as Mortgagee Nominee (as Agent for LOAN CITY, LLC) and eventual transfers of the loan to FANNIE MAE and securitization without recorded assignments of the mortgage.

5.   This current Assignment of Mortgage to ONE WEST is fraudulent, not being from the party owning the mortgage. This current Assignment of Mortgage occurred under a recorded notice of Lis Pendens on April 26, 2012, and puts the DEFENDANT in the shoes of the Assigning Party LOAN CITY, LLC. The current defendant, ONE WEST BANK, had notice of this lawsuit as the Lis Pendens was filed April 24, 2012 in the Office of the Recorder of Deeds, Chester County, and DEFENDANT ONE WEST BANK failed to inquire of the court regarding this instant case. It should also be brought

to the attention of the Court that PLAINTIFF has never been notified of the Assignment of Mortgage and discovered the assignment by accident about four weeks ago.

6.     The DEFENDANT holds information and papers hidden from the public that PLAINTIFF intends to demand in Discovery.   This would include the securitization information and the MERS MIN Summary and MILESTONE REPORTS.   This information, not now available to PLAINTIFF, will augment the documentation herein provided and attached to sustain these allegations.

7.     This action is to determine the validity of the mortgage as to any unrecorded assignees over a period of years, and the use of MERS as a Mortgagee as applied to the Statutes of the Commonwealth of Pennsylvania. There has been a bifurcation of the Note and Mortgage, each being owned by a separate entity. There are questions of various types of Forgery and Fraudulent Practices and other violations of Statutes of the Commonwealth and Federal law involving this Mortgage.  There are significant breaks in the chain of title affecting the marketability of the property and ability to purchase title insurance.  "Because MERS is utilized for transferring title and these transfers are not publically recorded (thereby imparting constructive notice), MERS does not comply with race (first in time) or (constructive or actual) notice statutes and therefore, senior/junior property rights cannot be determined when a discrepancy arises in property boundary lines. Chain of title destruction boils down to the destruction of a basic American right - land ownership with a verifiable clear title."  (A quotation from report of Harbinger Analytic Group, (EXHIBIT D). PLAINTIFF has been damaged by fraudulent practices of the DEFENDANTS and the slander on the title to the property in

question, and an action to Quiet Title is necessary to correct and clear the title.  The facts

of this case are outlined below.

## PARTIES

8.   PLAINTIFF is Adrian of the family Lupu, owner of the property located at 1332 Airport

Rd., Coatesville, PA 19320 (hereinafter, "**Property**"; see legal description below in

paragraph 4) and comes before this court to "Quiet Title" against the Mortgage

holder(s), assigns and successors of the Mortgage recorded by Lender LOANCITY,

LLC in the office of the RECORDER OF DEEDS Chester County, PENNSYLVANIA

in Book number 7006 on Page 1718 as Document number 10703983 and the Assignee

of the Mortgage ONE WEST BANK Book number 8449 on Page 2034 as Document

number 11188308.

9.   DEFENDANT LOAN CITY, LLC, 5671 Santa Theresa Blvd., Suite 100, San Jose, Ca.,

95123, (hereinafter, "LOAN CITY"),   is the recorded Lender Mortgagee

10.   DEFENDANT ONE WEST BANK, 888 East Walnut Street, Pasadena, CA 91101

(hereinafter, "ONE WEST"), is the purported Assignee of the Mortgage.

11.   PLAINTIFF acquired the Property May 31, 2003 from Jeffrey Eckert and Linda Eckert,

husband and wife to Adrian Lupu by deed recorded in the office of the Recorder of

Deeds of Chester County, Instrument #10245510 Book 5713 Page 2191 and holds title

to  the Property cited herein:

> ALL THAT CERTAIN parcel of vacant land situate in West Caln Township, Chester County,
> Pennsylvania, bounded and described according to a Final Subdivision Plan prepared for the C. Fred
> Eckert Estate by Stapleton & Leisey, Professional Land Surveyors, dated Jun 24, 1999, and last

revised September 16, 1999, and recorded in the Chester County Recorder of Deeds Office on October 06, 1999, as Subdivision Plan No. 15 10 1, as follows, to wit:

BEGINNING at a point on the title line within Airport Road (T-409), said point being located by a bearing of South 85 degrees 18 minutes 07 seconds East and a distance of 50.13 feed feet from a spike marking the northwest corner of land of the C. Fred Eckert Estate; thence from said point of beginning and continuing along the title line within Airport Road South 85 degrees 18 minutes 07 seconds East 175.44 feet to a point, a corner of Steven M. and Pamela M. Guthrie's land; thence leaving the road and along said Guthrie's land South 00 degrees 38 minutes 04 seconds West 172.27 feet to a point, a corner of Parcel "A" having passed over an iron pin 25.06 feet from said point within Airport Road; then along Parcel "A" to be conveyed to Steven M. and Pamela M. Guthrie for the following two courses and distances: (1) South 44 degrees 25 minutes 00 Seconds West 17.34 feet to a point, and (2) South 00 degrees 38 minutes 04 seconds West 174.35 feet to a point in line of Lot No. 2; thence along Lot No. 2 for the following two courses and distances: (1) North 85 degrees 18 minutes 07 seconds West 163.41 feet to a point, and (2). North 00 degrees 38 minutes 04 seconds East 360.00 feet to the point and place of beginning.

BEING Lot No. 1 as shown on the above mentioned subdivision plan.

BEING PART of Chester County Tax Parcel No. 28-8-101.5

Commonly known as 1332 Airport Rd., Coatesville, PA, 19320

12. PLAINTIFF executed a purported Note (EXHIBIT A-Note incorporated herein by reference, because Plaintiff never received a certified copy from Defendants) and Mortgage on November 3, 2006 to LOAN CITY and is recorded in Book number 7006 on Page 1718 as Document number 10703983. (EXHIBIT B- Mortgage-copy attached hereto and made fully a part hereof)

### COUNT ONE-UNCONSCIONABLE AND ILLEGAL CONTRACTS

**WHEREAS**

The purported Mortgage Loan that is the subject of this Complaint uses a nominee as a MORTGAGEE with limited capacity. The use and PURPOSE of this Mortgagee is to thwart the Compulsory Recording Laws in the Commonwealth of Pennsylvania and to administer the Mortgage and not the Note or Loan.  Such use violates Forgery and

Fraudulent Practices Chapter 41 of the Title 18 Pa. C.S.A., making such a contract a criminal enterprise, illegal and unenforceable PLAINTIFF avers and complains below:

13.   PLAINTIFF repeats, restates and re-alleges Paragraphs 1 through 12 as though fully set forth herein.

14.   PLAINTIFF alleges MERS is the "Mortgagee" on this purported Mortgage Loan. (EXHIBIT B-Mortgage, attached hereto and made fully a part hereof)

15.    PLAINTIFF alleges MERS is not the "Lender" of this purported Mortgage Loan. (EXHIBIT K Pages7-8 attached hereto and made fully a part hereof)

16.   PLAINTIFF alleges MERS is not the "Beneficiary" of the Mortgage Note. (EXHIBIT A-Note, EXHIBIT K Pages 7-8, attached hereto and made fully a part hereof)

17.    PLAINTIFF alleges the nomination of MERS as a "Mortgagee" on this purported Mortgage Loan is to circumvent the recording of Assignments of Mortgage in the office of the Recorder of Deeds, Chester County. (EXHIBIT K Pages 7-8, attached hereto and made fully a part hereof)

18.    PLAINTIFF alleges the use of MERS in the purported Mortgage Contract is to conceal recordable documents, a third degree felony. 18 Pa. C.S.A. § 4103 (Reference Page 6 Line 6) (EXHIBIT K Pages 7-8, attached hereto and made fully a part hereof)

19.   PLAINTIFF alleges MERS cannot be separated out from the purported Mortgage Loan contract at this time.

20.    PLAINTIFF alleges the use of MERS indicates a lack of "Good faith" from before the beginning of the purported Mortgage Loan. 13 Pa. C.S.A.§ 1304 (Reference Page 3 Line 18)

21.    PLAINTIFF alleges the use of MERS was planned before settlement of the purported Mortgage Loan by the DEFENDANT(s) as it was pre-printed on the settlement documents.

22.    PLAINTIFF alleges he was not informed of the use and purpose of MERS at any time by any DEFENDANT.

23.    PLAINTIFF alleges he only discovered the "role" and use of MERS in this purported Mortgage Loan within the last year.

24.    PLAINTIFF alleges he was not informed of the securitization of the purported Mortgage Loan at any time by any DEFENDANT.

25.    PLAINTIFF alleges he only discovered the securitization of the purported Mortgage Loan within the last year.

26.    PLAINTIFF alleges the purported Mortgage Loan contract is invalid under 13 Pa. C.S.A.§ 1103. (Reference Page 3 line 13)

27.    PLAINTIFF alleges the purported Mortgage Loan contract is unenforceable because of the lack of disclosure on the part of the DEFENDANT(s). 13 Pa. C.S.A. **§** 3305 (Reference Page 4 Line 17)

28.   PLAINTIFF alleges the purported Mortgage Loan contract is unenforceable because the contract is illegal, concealing recordable documents through the Mortgagee, MERS. 13 Pa. C.S.A § 3305. (Reference Page 4 Line 17) 18 Pa. C.S.A. § 4103 (Reference Page 6 Line 6)

29.   PLAINTIFF alleges there is no obligation to pay on a contract that is illegal 13 Pa. C.S.A. § 3305 (1) (ii). (Reference Page 4 Line 17)

30.   PLAINTIFF alleges DEFENDANT is obligated to return to PLAINTIFF all the amounts paid on the purported Mortgage Loan contract and amounts paid to others. 13 Pa. C.S.A. § 9404. (Reference Page 5 Line 3)

**WHEREFORE**

PLAINTIFF respectfully requests that this Honorable Court find in his favor and enter an Order to Quiet Title and final judgment that the defendants and their successors and assigns be forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or claim of the Plaintiff set forth in this complaint. PLAINTIFF also demands the return of all amounts paid on the account of this purported Mortgage Loan and paid to others on PLAINTIFF'S behalf under 13 Pa. C.S.A. § 9404. PLAINTIFF also requests filing and reasonable attorney fees, and any other relief the Court deems appropriate.

## COUNT TWO - ASSIGNMENT OF MORTGAGE TO ONE WEST BANK IS FRAUDULENT

**WHEREAS**

PLAINTIFF has been damaged by the DEFENDANT'S disregard for the law as it pertains to the recording of documents in the Commonwealth of Pennsylvania.  The law is very specific and DEFENDANT chose to ignore the requirements under the law. DEFENDANT'S actions, or lack thereof, fall under Forgery and Fraudulent Practices Chapter 41 of the Title 18 Pa. C.S.A. and others, PLAINTIFF avers and complains below:

31.   PLAINTIFF repeats, restates and re-alleges Paragraphs 1 through 30 as though fully set forth herein.

32.   PLAINTIFF on information and belief alleges DEFENDANT LOAN CITY divested all interest in the property within one month of settlement (approximately) (between November 3, 2006 and December 3, 2006) of the original purported Mortgage Loan with LOAN CITY when the purported Mortgage Loan was sold and assigned to INDYMAC BANK.

33.   PLAINTIFF on information and belief alleges a second Assignment of Mortgage occurred within three days of the assignment to INDYMAC BANK when  the  purported Mortgage Loan was then sold and assigned (approximately between November 6, 2006 and December 9, 2006) to FANNIE MAE for securitization into a Mortgage Backed Securities Trust (hereinafter "MBST"). (EXHIBIT C – MERS Web shot, EXHIBIT F- FANNIE MAE Web shot, attached hereto and made fully a part hereof)

34.   PLAINTIFF on information and belief alleges the chain of title to the property is broken, as there are no recorded assignments to record these transfers. (EXHIBIT E- Recorders Web shot, attached hereto and made fully a part hereof)

35. PLAINTIFF on information and belief alleges the interim Mortgage Assignments are not disclosed or recorded within the office of RECORDER OF DEEDS, CHESTER COUNTY. (EXHIBIT E- Recorder Web shot, attached hereto and made fully a part hereof)

36. PLAINTIFF on information and belief alleges the third Assignment of Mortgage occurred on April 26, 2012 when MERS assigned the purported Mortgage Loan to ONE WEST. (EXHIBIT G- Assignment, attached hereto and made fully a part hereof)

37. PLAINTIFF alleges the <u>MERS PROCEDURES MANUAL</u> states on Page 67 "Although the MERS® System tracks changes in ownership of the beneficial ownership rights for loans registered on the MERS® System, the MERS® System cannot transfer the beneficial ownership rights to the debt. The debt can only be transferred by properly endorsing the promissory note to the transferee." (EXHIBIT J- MERS MANUAL #67, attached hereto and made fully a part hereof)

38. PLAINTIFF alleges the party with interest in the purported Mortgage Loan (FANNIE MAE) never assigned it to ONE WEST. (EXHIBIT Document G-Assignment of Mortgage, attached hereto and made fully a part hereof)

39. PLAINTIFF avers that DEFENDANT ONE WEST has the information or access to the specific information on the transfers included in a MERS MIN Summary and MILESTONE REPORT.

40. PLAINTIFF alleges MERS could not assign an enforceable mortgage on April 26, 2012. 13 Pa. C.S.A. § 3203 (Reference Page 4 Line 8) (EXHIBIT A-Note, EXHIBIT B-

Mortgage, EXHIBIT G-Assignment of Mortgage, attached hereto and made fully a part hereof)

41. PLAINTIFF on information and belief alleges the purported Mortgage Loan was not owned by MERS or LOAN CITY when the mortgage was assigned to ONE WEST on April 26, 2012. (EXHIBIT C- MERS Web screen shot, EXHIBIT F- FANNIE MAE Web Screen Shot, attached hereto and made fully a part hereof)

42. PLAINTIFF on information and belief alleges ONE WEST, as assignee of MERS cannot be the holder of the note with the right to enforce the Note and Mortgage under U.C.C. §3-203 or Pennsylvania Statutes, as the **transferor possessed no right of enforcement nor was an agent of the owner of the Note** (Reference Page 4 line 8) (EXHIBIT C- MERS Web screen shot, EXHIBIT F- FANNIE MAE Web Screen Shot, attached hereto and made fully a part hereof)

43. PLAINTIFF alleges MERS is SOLELY an electronic recording entity and has no authority to transfer or assign any documents on its own authority by its own employees. (EXHIBIT K Page 7-8 MERS Brief, attached hereto and made fully a part hereof)

44. PLAINTIFF alleges MERS is similar in nature as the Office of the Recorder of Deeds, with the exception that MERS is a private corporation and the transfers are hidden from the public.

45. PLAINTIFF alleges MERS does not qualify as a "Mortgagee" 21 Pa. C.S.A. §711. (Reference Page 8 line 14)

46.   PLAINTIFF alleges MERS loaned no funds for the mortgage loan. (EXHIBIT K, Page 7-8 MERS Brief, attached hereto and made fully a part hereof)

47.   PLAINTIFF alleges MERS has no beneficial interest what so ever. (EXHIBIT K, Page 7-8 MERS Brief, attached hereto and made fully a part hereof))

48.   PLAINTIFF alleges MERS collected no payments on the mortgage loan. (EXHIBIT K, Page 7-8 MERS Brief, attached hereto and made fully a part hereof)

49.   PLAINTIFF alleges MERS was owed no funds for the mortgage loan.  (EXHIBIT K, Page 7-8 MERS Brief, attached hereto and made fully a part hereof))

50.   PLAINTIFF alleges MERS had never had possession of the note that secures the mortgage. (EXHIBIT K, Page 7-8 MERS Brief, attached hereto and made fully a part hereof)

51.   PLAINTIFF alleges MERS had never had authority to assign the note that secures the mortgage. (EXHIBIT K, Page 7-8 MERS Brief, attached hereto and made fully a part hereof)

52.   PLAINTIFF alleges MERS had never been entitled to payment of the note that secures the recorded mortgage. (EXHIBIT K, Page 7-8 MERS Brief, attached hereto and made fully a part hereof)

53.   PLAINTIFF alleges there is no legal definition from the legislature of Nominee for a "Mortgagee" or any derivative of that title or position in law or equity.

54.   PLAINTIFF alleges the rights, responsibilities, and limitations of a nominated "Mortgagee" are not disclosed or defined within the mortgage. (EXHIBIT Document B-Mortgage, attached hereto and made fully a part hereof))

55.   PLAINTIFF requests judicial notice that assignments from MERS to any entity is done by MERS member banks' employees using the title "vice president or "Asst. Secretary of MERS" with no employment relationship with MERS according to testimony and deposition of Mr. Arnold, past President of MERS, in the hearings of the U.S. Senate of November 16, 2010.

56.   PLAINTIFF alleges that the Assignment of Mortgage is a nullity as no debt CAN be attached to be secured unless the assignor owns the Note under 13 Pa. C.S.A. § 3203 (Reference Page 4 line 8)

57.   PLAINTIFF alleges the Mortgage Note is NOT a negotiable instrument and cannot be transferred by endorsement only. 13 Pa. C.S.A. § 3104) (EXHIBIT A-Note) (Reference Page 3 line 18)

58.   PLAINTIFF alleges the Mortgage Note is governed by. UCC Article 9 and Pa. 13 Cons. St. Div. 9 and is transferred by assignment. Pa. C.S.A. § 9514 (Reference Page 5 line 28)

59.   PLAINTIFF alleges that **if** LOAN CITY specifically endorsed the Note and assigned the Mortgage to FANNIE MAE as required for securitization into the MBST (with or without using MERS as an assigning party) the most recent Assignment of Mortgage on April 26, 2012 to ONE WEST from LOAN CITY through MERS is Fraudulent on its face.

(EXHIBIT C- MERS Web screen shot, EXHIBIT F- FANNIE MAE Web Screen Shot, EXHIBIT G-Assignment)

60.     PLAINTIFF alleges that **if** LOAN CITY did NOT specifically endorse the Note and assign the Mortgage to FANNIE MAE – **WHO DID SECURITIZE THE LOAN** - there is serious securities fraud, tax fraud and income tax liability on the part of the MBST and the Certificate/Bond holders and violation of the FNMA MBST Single Family Trust Agreement Amended 2007 section 2.1. (EXHIBIT C- MERS Web screen shot, EXHIBIT F- FANNIE MAE Web Screen Shot, EXHIBIT H-Trust Agreement, attached hereto and made fully a part hereof)

### Single Family Trust Agreement Amended 2007

   2.1 *Declaration of Trust, Transfer and Conveyance of Mortgage Loans.*   By delivering at least one Certificate of a Trust in the manner described in Section 3.1, the Issuer `unconditionally, absolutely and irrevocably sets aside, transfers, assigns, sets over and otherwise conveys to the Trustee, on behalf of related Holders, all of the Issuer's right, title and interest in and to the Mortgage Loans in the related Pool, together with any Pool Proceeds.`  Once Mortgage Loans have been identified as being part of a particular Trust for which at least one Certificate has been issued, they will remain in that Trust unless removed in a manner consistent with the Trust Documents. (emphasis added)

61.     PLAINTIFF alleges the MBST securitized by FANNIE MAE is governed by Washington, D.C. Trust law.

62.     PLAINTIFF alleges DC trust law adopted the Uniform Trust Act.

63.     PLAINTIFF alleges the Act is silent about the procedure required to transfer an interest in real estate to a custodial trust.

64.   PLAINTIFF alleges the MBST created by the Trust Indenture is a custodial trust under D.C. trust law.

65.   PLAINTIFF alleges Washington, D.C. Trust Law requires Fannie Mae receive an Assignment of Mortgage from the seller (bank) to be included into the MBST.

66.   PLAINTIFF alleges to assign a Mortgage to Fannie Mae, aka FNMA, "A typical assignment would go from the seller as assignor to —FNMA, a federally chartered corporation organized under the existing laws of the United States (as assignee)…whose address is 3900 Wisconsin Avenue, Washington D.C. 20016." Multistate deed of assignment-single family, Fannie Mae Uniform Instrument, Form 3743 1/01".

67.   PLAINTIFF alleges D.C. Official Code § 47-1431(a). D.C. Code Section 47-1431(a) requires that all documents by which legal title to real property, or an estate for life or a lease for a term of at least 30 years is transferred, or by which a security interest in real property is conveyed, be recorded with the Recorder of Deeds within 30 days of its execution. D.C. Code Section 47-1433(c) further provides for a $250 penalty for failure to record within the 30 day period.

68.   PLAINTIFF alleges that **if** LOAN CITY did NOT specifically endorse the Note and assign the Mortgage to FANNIE MAE, the Note still would not belong to LOAN CITY, LLC, as it was endorsed by LOAN CITY and sent to FANNIE MAE for securitization into the MBST. (EXHIBIT C- MERS Web screen shot, EXHIBIT F- FANNIE MAE Web Screen Shot)

69. PLAINTIFF alleges since FANNIE MAE securitized the Loan, LOAN CITY cannot thereafter assign the Mortgage and the Note, as the Note no longer was the property of LOAN CITY. (EXHIBIT C- MERS Web screen shot, EXHIBIT F- FANNIE MAE Web Screen Shot)

70. PLAINTIFF alleges that **if** LOAN CITY did NOT assign the Mortgage to FANNIE MAE, the Mortgage was separated from the Note and is a nullity. (EXHIBIT C- MERS Web screen shot, EXHIBIT F- FANNIE MAE Web Screen Shot,  EXHIBIT G- Assignment)

71. PLAINTIFF alleges that recording the Assignment of such a nullity into the county records is a first degree misdemeanor 18 Pa. C.S.A. Chapter 41. Forgery and Fraudulent Practices § 4104 (Reference Page 6 line 11)

72. PLAINTIFF alleges that as Fannie Mae securitized the Loan, the purported failure of LOAN CITY to properly endorse the Note and Assign the Mortgage to FANNIE MAE, who did not record an assignment, and also securitized the loan into a MBST, would be in violation of the Single Family Trust Agreement Amended 2007, Washington, D.C. Trust Law, and Internal Revenue Service regulations for Tax Exemption. (EXHIBIT C- MERS Web screen shot, EXHIBIT F- FANNIE MAE Web Screen Shot, EXHIBIT E – Recorder of Deeds Web Shot,  EXHIBIT H-Trust Agreement)

73. PLAINTIFF alleges failing to record an Assignment of Mortgage after more than four (4) years, is direct violation of 42 Pa. C.S.A. §5525(a) (7) (a) (Reference Page 8 line 19)

74.   PLAINTIFF alleges that as the loan and the mortgage was sold to FANNIE MAE for

securitization, LOAN CITY cannot not now "claw it back" to assign it to another as

though the Note was never endorsed without recourse or the mortgage never assigned.

75.   PLAINTIFF alleges that as the Mortgage Loan was sold to FANNIE MAE for

securitization, FANNIE MAE cannot now assign the mortgage as FANNIE MAE failed to

record the assignment of mortgage within 6 months as required in Pennsylvania, and

assignment can ONLY be from the recorded party of interest, and the recorded party of

interest cannot assign what he does not own.  13 Pa. C.S.A. § 9514,  (Reference Page 5

line 28), 21 Pa C.S.A. § 351, (Reference Page 6 Line 20), 21 Pa. C.S.A. §621, (Reference

Page 7 Line 21), 21 Pa. C.S.A..§623-1, (Reference Page 6 Line 22), and 21 Pa. C.S.A.

§625 (Page7 Lines 26)

76.   PLAINTIFF alleges the Assignment of Mortgage of April 26, 2012 to ONE WEST is

NOT from the entity that now owns the Mortgage Loan. (EXHIBIT C- MERS Web screen

shot, EXHIBIT F- FANNIE MAE Web Screen Shot,  EXHIBIT G-Assignment)

77.   PLAINTIFF alleges the recorded assignment from MERS dated April 26, 2012 is a first

degree misdemeanor violation of Chapter 41, Forgery and Fraudulent Practices, of the

Pennsylvania Penal Code 18 PA. C.S.A. § 4104 (Reference Page 6 Line 11)

**WHEREFORE**

PLAINTIFF and the title to his property has been damaged by these fraudulent practices

and an Order to Quiet Title and final judgment that the defendants and their successors

and assigns be forever barred from asserting any right, lien, title or interest in the land

inconsistent with the interest or claim of the Plaintiff set forth in this complaint. PLAINTIFF also demands the return of all amounts paid on the account of this purported Mortgage Loan and paid to others on PLAINTIFF'S behalf under 13 Pa. C.S.A. § 9404. PLAINTIFF also requests filing and reasonable attorney fees, and any other relief the Court deems appropriate.

## COUNT THREE - FRAUD BY DECEPTION

 **WHEREAS**

PLAINTIFF has been damaged and never would have made a loan involving securitization that would cloud his title and reduce the marketability of his property. The Title on the property of the PLAINTIFF is clouded. Title Insurance will be difficult to obtain on the property with securitization and use of MERS. PLAINTIFF has been deceived to the detriment of himself, his family and his property at the execution of this loan, PLAINTIFF avers and complains:

78. PLAINTIFF repeats, restates and re-alleges Paragraphs 1 through 77 as though fully set forth herein.

79. PLAINTIFF alleges false representations by DEFENDANT(s) include without limitation the act of failing to disclose material facts at or before settlement of the purported loan on .November 3, 2006 (EXHIBIT B- Mortgage) violating Chapter 41, Forgery and Fraudulent Practices, of the Commonwealth of Pennsylvania Penal Code Title 18. 18 Pa. C.S.A. § 4114 (Reference Page 5 Line 23).

80.  PLAINTIFF alleges DEFENDANT(S) had knowledge, or should have had knowledge, of the falsity of its representations to PLAINTIFF on November 3, 2006, at the Settlement of the instant purported Mortgage Loan, of facts material to the allegations in the Complaint.

81.  PLAINTIFF alleges DEFENDANT(S) purposefully made the false representations to PLAINTIFF on and before November 3, 2006 to induce him into entering the purported loan agreement, promissory note and mortgage.

82.  PLAINTIFF alleges this situation was only discovered within the last year as PLAINTIFF is an immigrant citizen and not familiar with the terms and customs of this country and mortgage industry and had them explained to him by others.

83.  PLAINTIFF alleges the Lender issued no consideration for the Note that was signed on November 3, 2006.

84.  PLAINTIFF alleges having no knowledge of the source of funds for the purported loan on November 3, 2006.

85.  PLAINTIFF alleges the PLAINTIFFS saw no money change hands on November 3, 2006.

86.  PLAINTIFF alleges PLAINTIFF justifiably relied upon the DEFENDANT's false representations as being true, on and before November 3, 2006 and has directly, proximately, and subsequently sustained damages.

87.  PLAINTIFF ALLEGES The "character" of the Mortgage of November 3, 2006, that these Mortgage Documents were to be investment securities as bonds or certificates, was not

disclosed on November 3, 2006 to PLAINTIFF at Settlement or within the Mortgage and Note documents. (EXHIBIT A- Note , EXHIBIT B-Mortgage)

88.   PLAINTIFF ALLEGES on information and belief, the evidence that FANNIE MAE (a Real Estate Mortgage Investment Conduit, a REMIC) is involved with the purported Loan is sufficient to ascertain that the note is securitized.  (EXHIBIT E – MERS web shot, EXHIBIT F – FANNIE MAE web shot)

89.   PLAINTIFF ALLEGES use of Mortgage Electronic Registration Systems, and the purpose of its use, was never explained to the PLAINTIFF by DEFENDANT(S) on or before settlement of purported Mortgage Loan on November 3, 2006. (EXHIBIT B-Mortgage)

90.   PLAINTIFF ALLEGES the Mortgage Contract of November 3, 2006 does not address bonds or certificates. (EXHIBIT B-Mortgage)

91.   PLAINTIFF ALLEGES the Mortgage contract of November 3, 2006 does not indicate securitization of the Loan. (EXHIBIT B-Mortgage)

92.   PLAINTIFF alleges the Mortgage Contract of November 3, 2006 appeared on its face to be a standard FANNIE MAE/FREDDIE MAC UNIFORM INSTRUMENT Form number 3039 for the Commonwealth of Pennsylvania. (EXHIBIT B-Mortgage)

93.   PLAINTIFF alleges the Mortgage Contract of November 3, 2006 is substantially modified from the standard FANNIE MAE/FREDDIE MAC UNIFORM INSTRUMENT Form

number 3039 for the Commonwealth of Pennsylvania. (EXHIBIT M- Form 3039 sample attached hereto and made fully a part hereof)

94.   PLAINTIFF alleges the Mortgage Contract of November 3, 2006 has no notation anywhere on it that would indicate the standard FANNIE MAE/FREDDIE MAC UNIFORM INSTRUMENT Form number 3039 for the Commonwealth of Pennsylvania was altered or modified in any way.

95.   PLAINTIFF alleges PLAINTIFF at all times believed this Mortgage document of November 3, 2006 was an unaltered standard FANNIE MAE/FREDDIE MAC UNIFORM INSTRUMENT form number 3039 for the Commonwealth of Pennsylvania.

96.   PLAINTIFF alleges said false representations and lack of disclosure induced him to sign the purported loan of November 3, 2006.

97.   PLAINTIFF alleges said inducement of November 3, 2006 is a second degree misdemeanor, a violation of 18 Pa. C.S.A. § 4114. (Reference page 5 Line 22)

98.   PLAINTIFF alleges there is no obligation to pay on a contract fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character 13 Pa. C.S.A. § 3305 (1) (iii). (Reference Page 4 Line 20)

99.   PLAINTIFF alleges DEFENDANT is obligated to return to PLAINTIFF all the amounts paid on the purported Mortgage Loan contract and amounts paid to others 13 Pa. C.S.A. § 3305 (3). (Reference Page 4 Line 20)

**WHEREFORE**

PLAINTIFF seeks an Order to Quiet Title and final judgment that the defendants and their successors and assigns be forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or claim of the Plaintiff set forth in this complaint. PLAINTIFF also demands the return of all amounts paid on the account of this purported Mortgage Loan and paid to others on PLAINTIFF'S behalf under 13 Pa. C.S.A. § 9404. PLAINTIFF also requests filing and reasonable attorney fees, and any other relief the Court deems appropriate as the only remedy available.

## COUNT FOUR - VIOLATION OF LOCAL STATUTES

**WHEREAS**

The title to the property of PLAINTIFF has been clouded and PLAINTIFF damaged by the failure of DEFENDANTS to record assignments through the use of Mortgage Electronic Registration Systems instead of using the Chester County office of the Recorder of Deeds as required by law. The chain of title is broken with no public record of the true owners and Assignees of the Mortgage. Title Insurance will be difficult to obtain without this Action to Quiet Title, PLAINTIFF avers and complains below:

100. PLAINTIFFS repeat, restate and re-allege Paragraphs 1 through 99 as though fully set forth herein.

101. PLAINTIFF alleges Paragraph 16 of the Mortgage states the mortgage is governed by local laws. (EXHIBIT Document B-Mortgage)

102. PLAINTIFF alleges the use of MERS with any mortgage in the Commonwealth of Pennsylvania is a direct violation of the Compulsory Recording Laws under Title 21 in

Chapter 3, and Chapter 41 Forgery and Fraudulent Practices of the Pennsylvania Penal Code, Title 18 Pa C.S.A. § 4103 (Reference Page 5 line 13):and 18 Pa. C.S.A. § 4104. (Reference Page 5 line 18):

103.  PLAINTIFF alleges the use of MERS in the subject Mortgage dated November 3, 2006 puts DEFENDANTS in violation of 18 Pa. C.S.A. § 4103 Chapter 41. Forgery and Fraudulent Practices § 4103, a  third degree felony (Reference Page 5 line 13):

104.  PLAINTIFF alleges Pennsylvania Statutes requires compulsory recording of all documents regarding interest or security interest or transferring interest or security interest in real property under Title 21 in Chapter 3 entitled "Necessity of Recording and Compulsory Recording" 21 Pa. C.S.A. § 351 (Reference Page 6 line 1)

105.  PLAINTIFF alleges conveyances such as mortgages and assignments that remain unrecorded after 90 days are fraudulent and void by statute, 21 Pa. C.S.A. §444 (Reference Page 6 line 18)

106.  PLAINTIFF alleges statutes, 21 Pa. C.S.A. §444, (Reference Page 6 line 18) and §621 (Reference Page 6 line 25) are supported by case law: (Reference Page 3 line 6)

107.  PLAINTIFF alleges there is no Lawful Assignment of Mortgage recorded to perfect transfer to Fannie Mae in the office of Chester County Recorder of Deeds required by law: 21 Pa. C.S.A..§623-1 (Reference Page 7 line 1) 21 Pa. C.S.A. §625 (Reference Page 6 line 5) (EXHIBIT Document E)

**WHEREFORE**

An Order for Quiet Title and final judgment that the defendants and their successors and assigns be forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or claim of the Plaintiff set forth in this complaint. PLAINTIFF also demands the return of all amounts paid on the account of this purported Mortgage Loan and paid to others on PLAINTIFF'S behalf under 13 Pa. C.S.A. § 9404. PLAINTIFF also requests filing and reasonable attorney fees, and any other relief the Court deems appropriate is sought to remedy the civil and criminal violations of the Statutes of the Commonwealth of Pennsylvania and make the PLAINTIFF whole.

### COUNT FIVE – NOTE NOT SECURED BY MORTGAGE:

**WHEREAS**

PLAINTIFF has been damaged by the mortgage nullity recorded in the property records and slander on the title to the property of the PLAINTIFF.  The recorded mortgage and assignments do not secure a Note, PLAINTIFF avers and complains below:

108. PLAINTIFF repeats, restate and re-allege Paragraphs 1 through 107 as though fully set forth herein.

109. PLAINTIFF alleges The Note and Mortgage were separated at settlement when the Lender, LOAN CITY "nominated" MERS as "Mortgagee", while the beneficiary under the note remained LOAN CITY. (EXHIBIT A-Note, EXHIBIT B-Mortgage)

110. PLAINTIFF alleges Paragraph 20 of the Mortgage Contract specifically states that the mortgage and note would be transferred together, not separately. (EXHIBIT B-Mortgage)

111.  PLAINTIFF alleges the Assignment of Mortgage was recorded by ONE WEST, assignee of the Mortgage from MERS. (EXHIBIT E-Recorders web shot, EXHIBIT G-Assignment)

112.  PLAINTIFF on information and belief alleges the Note is owned by the "Pool" of Fannie Mae loans (certificate/bond holders) owning the certificates/bonds of the Note. (EXHIBIT C- MERS Web Shot, EXHIBIT F-FANNIE MAE Web shot)

113.  PLAINTIFF alleges the Note owned by FANNIE MAE is not secured by the Mortgage assigned to DEFENDANT ONE WEST (EXHIBIT F-FANNIE MAE Web shot, EXHIBIT G-Assignment)

114.  PLAINTIFF on information and belief alleges LOAN CITY, LLC transferred any interest it had in the Note on or before January 1, 2007.

115.  PLAINTIFF alleges the Loan has been converted to a security and the note and mortgage have been permanently severed. (EXHIBIT E-Recorder Web shot, EXHIBIT F-FANNIE MAE Web shot)

116.  PLAINTIFF alleges the investors received a bond or certificate for their investment and have no contract with the Plaintiff.

117.  PLAINTIFF alleges Subject Mortgage was separated from the note and remains separated, making the mortgage unenforceable, null, deficient, and illegal. (EXHIBIT B-Mortgage, EXHIBIT C- MERS Web Shot, EXHIBIT F-FANNIE MAE Web shot, EXHIBIT G-Assignment)

118. PLAINTIFFS request judicial notice that the Decoupling Separation of the Note and Mortgage violates the long-standing precedence by the **Supreme Court of the United States:** in the ruling of *Carpenter v. Longan, 83 U.S. 271 (1872): "*The note and mortgage are inseparable; ...The mortgage can have **no separate existence**"   and has been continually re-affirmed throughout the country: (Reference Page 2 Line 19)

**WHEREFORE**

PLAINTIFF seeks an Order to Quiet Title and final judgment that the defendants and their successors and assigns be forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or claim of the Plaintiff set forth in this complaint. PLAINTIFF also demands the return of all amounts paid on the account of this purported Mortgage Loan and paid to others on PLAINTIFF'S behalf under 13 Pa. C.S.A. § 9404. PLAINTIFF also requests filing and reasonable attorney fees, and any other relief the Court deems appropriate for remedy.

**COUNT FIVE – VIOLATION OF 15 U.S.C. 1641(g) and Regulation Z 226.39 (d)**

**WHEREAS**

PLAINTIFF has suffered serious violations of statutes of the Commonwealth of Pennsylvania and Federal consumer laws that were to have protected him.  DEFENDANT has failed to notify PLAINTIFF of the Assignment of Mortgage as required by law, placing the PLAINTIFF in the position of being without the knowledge of who is the Lender, PLAINTIFF avers and complains below:

119.  PLAINTIFF repeats, restates and re-alleges Paragraphs 1 through 118 as though fully set forth herein.

120.  PLAINTIFF alleges that ONE WEST failed to notify PLAINTIFF of the Assignment of the Mortgage within 30 days as required by law.

121.  PLAINTIFF on information and belief alleges three violations of 15 USC 1621 (g) and Regulation Z § 226.39.(Reference Page 8 Line 5 and 16)

122.  PLAINTIFF on information and belief alleges the first of these violations occurred within a one month of settlement of the original purported Mortgage Loan with LOAN CITY LLC (between  November 3, 2006 and December 6, 2006) when the purported Mortgage Loan was sold and assigned to INDYMAC BANK. This will be verified with the MERS MIN Summary and MILESTONE REPORTS, that are part of the Documents requested for Discovery.

123.  PLAINTIFF on information and belief alleges the second these violations occurred within a few days of the assignment (between November 6,   2006   and   December   9, 2006) to INDYMAC BANK who retained the servicing rights when the purported Mortgage Loan was then sold and assigned to FANNIE MAE for securitization. This will be verified with the MERS MIN Summary and MILESTONE REPORTS, that are part of the Documents requested for Discovery. (EXHIBIT C- MERS Web screen shot, EXHIBIT F- FANNIE MAE Web Screen Shot, EXHIBIT E – Recorder of Deeds Web Shot)

124. PLAINTIFF alleges the third of these violations occurred on April 26, 2012 when MERS assigned purported Mortgage Loan to ONE WEST. (EXHIBIT Document G-Assignment).

125. PLAINTIFF alleges damages of $4,000 due under TILA-15 USC § 1640 (a)(2)(A)(iv) (Reference Page 10 Line 7)

**WHEREFORE**

Plaintiff respectfully requests that this Honorable Court find in his favor and enter an Order to pay damages of $4,000 and any other relief the Court deems appropriate.

Respectfully submitted:

DATE: 08 /13/ 2012

---------------------------------(Seal)
ADRIAN LUPU, Sui Juris Plaintiff
1332 Airport Rd.
Coatesville, PA 19320
(484) 433-7525

## VERIFICATION

I verify that the statements made in this complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

DATE: 08 / 13 / 2012

---------------------------------------(Seal)
ADRIAN LUPU, Sui Juris Plaintiff
1332 Airport Rd.
Coatesville, PA 19320
(484) 433-7525

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Filed By:
adrian: Lupu
1332 Airport Rd.
Coatesville, PA 19320
(484) 433-7525(phone)
adrianlupu28@yahoo.com

ADRIAN LUPU, Sui Juris
   Plaintiff

        v

LOANCITY, LLC, ET AL   Defendants

CIVIL ACTION - LAW
QUIET TITLE

CASE NO.:

**AFFIDAVIT OF PLAINTIFF**

---

COMMONWEALTH OF PENNSYLVANIA:
       ss:
COUNTY OF CHESTER:

I, adrian of the family Lupu, (Plaintiff), being duly sworn according to law, depose and say
   that the facts stated herein are true and correct.

Date: **08 / 13 / 2012**           -----------------------------------------(Seal)
                                      ADRIAN LUPU ,Sui Juris Plaintiff
                                      1332 Airport Rd.
                                      Coatesville, PA 19320
                                      (484) 433-7525

## VERIFICATION

I verify that the statements made in this affidavit are true and correct. I understand that false
   statements herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to
   unsworn falsification to authorities.

DATE: **08 / 13 / 2012**           ---------------------------------(Seal)
                                        ADRIAN LUPU,Sui Juris Plaintiff
                                      1332 Airport Rd.
                                      Coatesville, PA 19320
                                      (484) 433-7525