**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

Filed By:
ADRIAN LUPU
1332 Airport Rd
Coatesville, PA 19320
(484) 433-7525(phone)
adrianlupu28@yahoo.com

ADRIAN LUPU, Sui Juris
  Plaintiff

    v

LOAN CITY, LLC ET AL,
  Defendants

CIVIL ACTION - QUIET TITLE
CASE NO: 2:12-cv-04556-CMR

---

**Reference Page**
**Case Law and Statute Law**

1. The United States Supreme Court, in Haines v Kerner 404 U.S. 519 (1972), said that all litigants defending themselves must be afforded the opportunity to present their evidence and that the Court should look to the substance of the complaint rather than the form.

2. In Platsky v CIA, 953 F.2d 26 (2nd Cir. 1991), the Circuit Court of Appeals allowed that the District Court should have explained to the litigant proceeding without a lawyer, the correct form to the Plaintiffs so that he could have amended his pleadings accordingly. Plaintiffs respectfully reserve the right to amend this complaint.

3. Under Uniform Commercial Code - ARTICLE 3 -§3-308, and PA 13 Pa. Cons. Stat.§ 3308 all signatures presented that is not on an original format (with the original wet ink signature) is hereby denied and is inadmissible.

4. **MERS Testimony – MERS v Nebraska Department of Banking and Finance etc.**

   "When a state agency found that MERS is a Mortgage banker subject to license and registration requirements, MERS appealed to the Supreme Court of Nebraska and

outlined its very limited role as nominee." Subsequently, counsel for MERS explained that MERS does not take applications, underwrite loans, make decisions on whether to extend credit, collect Mortgage payments, hold escrows for taxes and insurance, or provide any loan servicing functions whatsoever. MERS merely tracks the ownership of the lien and is paid for its services through membership fees charged to its members." *Mortgage Electronic Registration Systems, Inc. v. Nebraska Department of Banking and Finance, 704 N. W.2d 784 (Neb.2005)*. "MERS argues that it does not acquire Mortgage loans and ... only holds legal title to members' Mortgages in a nominee capacity and is contractually prohibited from exercising any rights with respect to the Mortgages (i.e., foreclosure) without the authorization of the members. Further, MERS argues that it does not own the promissory notes secured by the Mortgages and has no right to payments made on the notes." Id. Emphasis added. "Documents offered during the Department hearing support the limited nature of MERS' services." [d. Based on the explanation from MERS itself and documents presented by MERS and reviewed by the Supreme Court of Nebraska, it is undisputed that MERS serves in a very limited capacity and holds no substantive rights." *Aurora Loan Services, LLC, v Mendes da Costa, Collier County Florida, case No. 09-142-CA.*

5. *Carpenter v. Longan, 83 U.S. 271 (1872):* "The note and mortgage are inseparable; The mortgage can have **no separate existence**" and has been continually re-affirmed throughout the country:

> "The note and mortgage are inseparable; the former as essential the latter as an incident. An assignment of the note carries the mortgage with it while an assignment of the latter alone is a nullity. *Carpenter v. Longan [ 83 U.S. 271[ 274 (1872) (footnote omitted)* .This basic proposition has often been reaffirmed. *See Baldwin v. State of Mo.[ 281 U.S. 586[ 596 (1930) (Stone[ J.[ concurring); National Live Stock Bank v. First Nat'l Bank[ 203 U.S. 296[ 306 (1906); Kirby Lumber Co. v. Williams, 230 F.2d 330, 336 (5th Cir.1956); In re Veal, 450 B.R. 897, 916-17 (B.A.P. 9th Cir. 2011); In re Vargas, 396 B.R. 511, 516 (Bankr. C.D. Cal. 2008); In re Leisure Time Sports. Inc., 194 B.R. 859, 861 (B.A.P. 9th Cir.1996); Bellistri v. Ocwen Loan Servicing. LLC, 284 S.W.3d 619,623 (Mo. Ct.*

*App. E.D. 2009).* If the holder of the deed of trust does not own or hold the note, the deed of trust serves no purpose, is impotent, and cannot be a vehicle for depriving the grantor of the deed of trust of ownership of the property….", *noted in the recent decision in Texas, McCarthy v Bank of America. (emphasis added )*

6. "Furthermore, on its face, the Mortgage was fraudulent and void because its recordation violated the clear mandate of 21 P.S.§ 444, that "All deeds and conveyances . . . shall be recorded in the office for the recording of deeds where such lands . . . are lying and being, within ninety days after the execution of such deeds or conveyance . . . " "since both 21 P.S. §§ 444 and 621 were violated, the mortgage should have been adjudged "fraudulent and void…". <u>Fisher v Advanta Finance 03-cv-4666 Eastern Dis. Ct. of PA.</u>

### STATUTE LAW

7. Pennsylvania Commercial Code Title 13 Pa. C.S.A.

   a. 13 Pa. C.S.A.§ 1103. Supplementary general principles of law applicable. Unless displaced by the particular provisions of this title, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions

   b. 13 Pa. C.S.A.§ 1304:.Obligation of good faith- Every contract or duty within this title imposes an obligation of good faith in its performance and enforcement.

   c. 13 Pa. C.S.A. § 3104. Negotiable instrument. (a)  Definition of "negotiable instrument".--Except as  provided in subsections (c) and (d), "negotiable instrument"   means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in    the promise or order, if it: (1)  is payable to bearer or to order at the time it is issued or first comes into possession of a holder;(2)  is payable on demand or at a definite time; and  (3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain:(i)  an undertaking or power to give, maintain or

protect collateral to secure payment; (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral; or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor. (b) Definition of "instrument".--"Instrument" means a negotiable instrument. (c) Negotiable instrument and check.--An order that meets all of the requirements of subsection (a), except paragraph (1), and otherwise falls within the definition of "check" in subsection (f) is a negotiable instrument and a check.

d. 13 Pa. C.S.A. § 3203: TRANSFER OF INSTRUMENT; RIGHTS ACQUIRED BY TRANSFER:(a) An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.(b)Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee **any right of the transferor to enforce the instrument**, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument. (emphasis added)

e. 13 Pa. C.S.A. § 3305 Defenses and claims in recoupment. (a)General rule--Except as stated in subsection (b), the right to enforce the obligation of a party to pay an instrument is subject to the following: (1) a defense of the obligor based on (i) infancy of the obligor to the extent it is a defense to a simple contract; (ii) duress, lack of legal capacity or **illegality of the transaction** which, under other law, nullifies the obligation of the obligor; **(iii) fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character** or its essential terms; (2) a defense of the obligor stated in another section of this division or a defense of the obligor that would be available if the person entitled to enforce the instrument were enforcing a right to payment under a simple contract; and (3) a claim in recoupment of the obligor against the original payee of the instrument if the claim arose from the transaction that gave rise to the instrument, but the claim of the obligor may be asserted against a transferee of the

instrument only to reduce the amount owing on the instrument at the time the action is brought.

f. 13 Pa. C.S.A. § 9404. Rights acquired by assignee; claims and defenses against assignee(a) **Assignee's rights subject to terms, claims and defenses;** exceptions.-- Unless an account debtor has made an enforceable agreement not to assert defenses or claims, and subject to subsections (b) through (e), the rights of an assignee are subject to:(1) all terms of the agreement between the account debtor and assignor and any defense or claim in recoupment arising from the transaction which gave rise to the contract; and (2) any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives a notification of the assignment authenticated by the assignor or the assignee. (b) Account debtor's claim reduces amount owed to assignee.--**Subject to subsection (c)** and except as otherwise **provided in subsection (d), the claim of an account debtor against an assignor may be asserted against an assignee under** subsection (a) only to reduce the amount the account debtor owes.(c) **Rule for individual under other law.-- This section is subject to law other than this division which establishes a different rule for an account debtor who is an individual and who incurred the obligation primarily for personal, family or household purposes**.(d) **Omission of required statement in consumer transaction.--In a consumer transaction, if a record evidences the account debtor's obligation, law other than this division requires that the record include a statement to the effect that the account debtor's recovery against an assignee with respect to claims and defenses against the assignor may not exceed <u>amounts paid by the account debtor under the record</u>, and the record does not include such a statement, the extent to which a claim of an account debtor against the assignor may be asserted against an assignee is determined as if the record included such a statement. (***emphasis added***)**

g. 13 Pa. C.S.A. § 9514 Assignment of powers of secured party of record. (c) Assignment of record of mortgage.--An assignment of record of a security interest in a fixture covered by a record of a mortgage which is effective as a financing

statement filed as a fixture filing under section 9502(c) (relating to record of mortgage as financing statement) **may be made only by an assignment of record of the mortgage in the manner provided by law of this Commonwealth other than this title.** (emphasis added)

8. Title 18 Chapter 41, Forgery and Fraudulent Practices Pa. C.S.A.

   a. 18 Pa. C.S.A. § 4103   Fraudulent destruction, removal or **concealment** of recordable instruments  A person commits a felony of the third degree if, with intent to deceive or injure anyone, he destroys, removes **or conceals any will, deed, mortgage, security instrument or other writing for which the law provides public recording**.(emphasis added)

   b. 18 Pa C.S.A. § 4104:  Tampering with records or identification (a) Writings.--A person commits a misdemeanor of the first degree if, knowing that he has no privilege to do so, he **falsifies**, destroys, removes or conceals any writing or record, or distinguishing mark or brand or other identification **with intent to deceive** or injure anyone or **to conceal any wrongdoing** .(emphasis added)

   c. 18 Pa. C.S.A. § 4114. Securing execution of documents by deception   A person commits a misdemeanor of the second degree if by deception he causes another to execute any instrument affecting or purporting to affect or likely to affect the pecuniary interest of any person.

9. Title 21 Chapter 3 "Necessity of Recording and Compulsory Recording"

   a.  21 Pa. C.S.A. § 351:"All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, shall be recorded in the office for the recording of deeds in the county where such lands, tenements, and hereditaments are situate. Every such deed, conveyance, contract, or other instrument of writing which shall not be acknowledged or proved and

recorded, as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment, duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, without actual or constructive notice unless such deed, conveyance, contract, or instrument of writing shall be recorded, as aforesaid, before the recording of the deed or conveyance or the entry of the judgment under which such subsequent purchaser, mortgagee, or judgment creditor shall claim. Nothing contained in this act shall be construed to repeal or modify any law providing for the lien of purchase money mortgages."

b. 21 Pa. C.S.A. §444: "All deeds and conveyances, … or whereby the title to the same may be in any way affected in law or equity, ……shall be recorded in the office for the recording of deeds where such lands, ….. are lying and being, within ninety days after the execution of such deeds or conveyance, and every such deed and conveyance that shall at any time after the passage of this act be made and executed in this commonwealth, and which shall not be proved and recorded as aforesaid, shall be adjudged fraudulent and void….."

c. 21 Pa. C.S.A. §621: "No deed or mortgage, or defeasible deed, in the nature of mortgages, hereafter to be made, shall be good or sufficient to convey or pass any freehold or inheritance, or to grant any estate therein for life or years, unless such deed be acknowledged or proved and recorded within six months after the date thereof, where such lands lie, as hereinbefore directed for other deeds."

d. 21 Pa. C.S.A..§623-1 Assignments to be in writing: "Hereafter no assignment of any mortgage shall be entered of record in any county of the second class, unless such assignment shall be in writing, and acknowledged by the assignor or assignors before an officer or person duly authorized to take such acknowledgments."

e. 21 Pa. C.S.A. §625: Certificate of residence of mortgagee or assignee: "For the purpose of obtaining with accuracy the precise residence of all mortgagees, assignees, and persons to whom interest is payable on articles of agreement, it shall be the duty of the recorder of deeds in each county, whenever a mortgage,

assignment, or agreement given to secure the payment of money, shall be presented to him for record, to refuse the same, unless the said mortgage, assignment, or agreement has attached thereto, and made part of said mortgage, assignment, or agreement, a certificate signed by said mortgagee, assignee, or person entitled to interest, or his, her or their duly authorized attorney or agent, setting forth the precise residence of such mortgagee, assignee, or person entitled to interest; said certificate to be recorded with said mortgage, assignment, or agreement; and therefrom the said recorder shall prepare and deliver, at stated intervals, to the proper Board of Revision of Taxes, or other officials charged with the assessment of State tax, a list of said mortgages, assignments, and agreements, with the names and residences of said mortgagees, assignees, or persons entitled to interest, with the amount and date of said mortgages, assignments, and articles of agreement, with the date of recording and the properties upon which the debts are secured."

  f. 21 Pa. C.S.A. §711: "Mortgagee" includes any person, partnership, association, corporation, society, organization or fiduciary, holding a mortgage against real estate in a city or county of the first class, and entitled to payment of the mortgage debt, or the heir, legal representative, successor or assignee of any of the foregoing." Title 42 Pa. C.S.A.

10. 42 Pa. C.S.A. §5525(a) (7) (a): General Rule.-Except as provided for in subsection (b), The following actions and proceedings must be commenced within Four years:(7) (a) An action upon a negotiable or nonnegotiable bond, Note or other similar instrument in writing. Where such an Instrument is payable upon demand, the time within which an Action on it must commenced shall be computed from the Later of either demand for any payment of principal of or Interest on the instrument.

11. Truth in Lending Act

a. **15 USC 1641 Liability of assignees (g) Notice of new creditor** "(1) In general In addition to other 24 disclosures required by this subchapter, not later than 30 days after the date on which a Mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including— (A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor. (2) Definition As used in this subsection, the term "Mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer."

b. **Regulation Z § 226.39 Mortgage transfer disclosures**: (d) Content of required disclosures. The disclosures required by this section shall identify the loan that was sold, assigned or otherwise transferred, and state the following: (1) The name, address, and telephone number of the covered person. (i) If a single disclosure is provided on behalf of more than one covered person, the information required by this paragraph shall be provided for each of them unless paragraph (d)(1)(ii) of this section applies. (ii) If a single disclosure is provided on behalf of more than one covered person and one of them has been authorized in accordance with paragraph (d)(3) of this section to receive the consumer's notice of the right to rescind and resolve issues concerning the consumer's payments on the loan, the information required by paragraph (d)(1) of this section may be provided only for that covered person. (2) The date of transfer. (3) The name, address and telephone number of an

agent or party authorized to receive notice of the right to rescind and resolve issues concerning the consumer's payments on the loan. However, no information is required to be provided under this paragraph if the consumer can use the information provided under paragraph (d)(1) of this section for these purposes. (4) Where transfer of ownership of the debt to the covered person is or may be recorded in public records, or, alternatively, that the transfer of ownership has not been recorded in public records at the time the disclosure is provided.

c. 15 USC § 1640 - Civil liability (a)  Individual or class action for damages; amount of award; factors determining amount of award.   Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, subsection (f) or (g) of section 1641 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of— (1) any actual damage sustained by such person as a result of the failure; (2) (A) (i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, (ii)  in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000, (iii)  in the case of an individual action relating to an open end consumer credit plan that is not secured by real property or a dwelling, twice the amount of any finance charge in connection with the transaction, with a minimum of $500 and a maximum of $5,000, or such higher amount as may be appropriate in the case of an established

pattern or practice of such failures; or (iv) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $400 or greater than $4,000;